IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:10-CV-256-DSC

| | |
|---|---|
| KENNETH TIDWELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SHREEJI HOSPITALITY AIRPORT, LLC, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

**THIS MATTER** is before the Court following Plaintiff's failure to respond to the Court's "Order to Show Cause" (doc. 15) entered April 19, 2011.

On March 28, 2011, Defendant filed "Defendant's Motion for Involuntary Dismissal Pursuant to Rule 41(b)" (doc. 11) and "Defendant's Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment" (doc. 13). Plaintiff's responses were due on or before April 14, 2011. In these filings, Defendant's counsel states that Plaintiff and his counsel failed to submit an expert report by the Court ordered deadline. Doc. 12 at 4. Plaintiff and his counsel did not request written discovery or an opportunity to depose witnesses. Id. Finally, the parties did not mediate the case by the Court ordered deadline because Plaintiff and his counsel failed to respond to Defendant's counsel's requests to schedule mediation. Id. Defendant's counsel states that she attempted to contact Plaintiff's counsel on numerous occasions by telephone and email. Id. On March 16, 2011, Defendant's counsel received an automated email response indicating that Plaintiff's counsel was hospitalized. Doc. 12 at Ex. C. Defendant's counsel attempted to contact Plaintiff's counsel on March 17 and 18, 2011 leaving voicemail messages. Doc. 12 at 4. On

Saturday, March 19, 2011, Plaintiff's counsel left a voicemail message for Defendant's counsel confirming her hospitalization but stating that Defendant's counsel should return her call and leave a message if she did not answer. Id. Defendant's counsel made multiple attempts to return the call but Plaintiff's counsel did not respond. Id.

Based on this information and in an attempt to give Plaintiff and his counsel every reasonable opportunity to prosecute his claims in this matter, the Court issued an "Order to Show Cause" (doc. 15). The Court ordered Plaintiff "[o]n or before May 31, 2011. . .[to] **SHOW CAUSE** why the Complaint should not be **DISMISSED** for failure to prosecute this action. The Plaintiff is warned that failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this lawsuit **WITH PREJUDICE**." Doc. 15 at 2 (emphasis in original).

As stated above, Plaintiff has not responded to the Court's Order in any fashion or even contacted the Court to request additional time to respond.

A District Court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Because dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit therefore requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Applying these legal principles, the Court concludes that dismissal for failure to prosecute

2

is the appropriate remedy for Plaintiff's repeated failures to respond to the Court's Orders and Defendant's Motions. While the Court is sympathetic to Plaintiff's counsel's health concerns, the Court finds that a forty-two (42) day time period to show cause provided more than enough time for Plaintiff's counsel to respond to the Court's Order or to request additional time to respond. Given this complete abandonment of the case, there is no reason to believe that any less severe sanction would be effective.

**FOR THE FOREGOING REASONS, IT IS ORDERED** that "Defendant's Motion for Involuntary Dismissal Pursuant to Rule 41(b)" (doc. 11) is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE** as a sanction for Plaintiff's failure to prosecute this action. Additionally, **IT IS ORDERED** that "Defendant's Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment" (doc. 13) is **DENIED AS MOOT**.

**SO ORDERED.**

Signed: June 1, 2011

David S. Cayer
United States Magistrate Judge