IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:10-CV-256-DSC

| KENNETH TIDWELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| v. | ) | |
| | ) | |
| SHREEJI HOSPITALITY AIRPORT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on "Plaintiff's Motion for Reconsideration of Order Granting Motion to Dismiss for Lack of Prosecution Dated 6/1/11 [DE 16]" (doc. 18) filed June 9, 2011, and Defendant's "Motion for Attorneys Fees Pursuant to 42 U.S.C. § 12205" (doc. 20) and the parties' associated briefs and exhibits (docs. 19, 21, 22, 23 and 24). The Court notes that Plaintiff did **not** file a response to Defendant's Motion for Attorneys Fees.

Having fully considered the arguments, the record, and the applicable authority, the Court will deny Plaintiff's Motion for Reconsideration and will deny Defendant's Motion for Attorney's Fees, as discussed below.

### I. PROCEDURAL AND FACTUAL BACKGROUND

A detailed discussion of the factual background and procedural history in this matter is contained in the Court's "Order" (doc. 16) (granting "Defendant's Motion for Involuntary Dismissal Pursuant to Rule 41(b)" (doc. 11)).

### II. MOTION FOR RECONSIDERATION

In his Motion for Reconsideration, Plaintiff requests that pursuant to Rule 60(b) and (c) the

Court allow the case to proceed on its merits. Rule 60(b) and (c) of the Federal Rules of Civil Procedure provide relief from a final judgment or order upon a showing of "excusable neglect". Plaintiff states that "from January 31 to April 14, 2011 Plaintiff's counsel was in and out of the hospital and was very sick in between hospitalizations." Doc. 19 at 3. Plaintiff asserts that he has a meritorious case involving serious ADA violations by Defendant and that the case was in its early stages with no discovery yet exchanged. The Motion for Reconsideration was made less than 10 days after entry of the Order.

Courts in this Circuit have held that a non-debilitating illness does not usually constitute excusable neglect, especially if the attorney was able to perform other litigation tasks during the illness. See Robertson v. Deco Sec., Inc., No. WDQ-09-3093, 2011 WL 1322391, at *3 (D. Md. April 1, 2011); Gruber v. Unum Life Ins. Co. of Am., 195 F. Supp. 2d 711, 716 (D. Md. 2002); Lynn v. West, No. 2:94CV00577, 2000 WL 1229752, at *3 n.3 (M.D.N.C. Aug. 8, 2000).

In the Robertson case, plaintiff's attorney asked the court to reconsider the final judgment against his client because he had fallen ill and was hospitalized for five weeks in October 2010. He had suffered shoulder pain, motor dysfunction, and memory loss since Spring 2010. Id. at 7. In ruling that plaintiff's counsel's illnesses did not constitute "excusable neglect," the Court found that counsel did not tell the Court or defense counsel about his Spring 2010 illness. Id. The Court further found that the October 2010 hospitalization period did not constitute "excusable neglect." While counsel was debilitated and very ill during that five week period, it did not explain plaintiff's failure to comply with the court's April, July, and September 2010 deadlines. Id.

While the Court is sympathetic to Plaintiff's counsel's health concerns, the Court's "Order to Show Cause" (doc.15) dated April 19, 2011, gave Plaintiff a forty-two (42) day time period through May 31, 2011 to show cause. The Court finds this to be more than enough time for

Plaintiff's counsel to respond to the Court's Order or request additional time to respond. More importantly, various docket reports from this District indicate that Plaintiff's counsel was litigating several other matters during May 2011. This was within the time period Plaintiff had to respond to the Order to Show Cause and contradicts counsel's assertion that she was too ill to respond to the Court's Order to Show Cause by May 31, 2011.

Plaintiff also argues that this Court should reconsider its final judgment because the matter was "very early in its progress without even discovery exchanged." Doc. 19, p. 7. However, Plaintiff fails to recognize that the Court ordered deadlines for discovery and mediation expired without any activity on the Plaintiff's part. As in the Robertson case, Plaintiff's counsel's illness during 2011 does not constitute "excusable neglect" because it fails to justify her failure to prosecute her client's case from June 2010 through January 2011 when she was not ill.

For the forgoing reasons, the Court will deny Plaintiff's request for reconsideration because Plaintiff has not established that either his or counsel's actions constituted "excusable neglect."

### III. MOTION FOR ATTORNEYS' FEES

In its Motion for Attorneys' Fees, Defendant argues that this Court has discretion to award attorneys fees to Defendant as prevailing party pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 12205. Defendant asserts that the Court should award attorneys' fees in the amount of $16,226.50 because the underlying action was frivolous, unreasonable and groundless.

Prevailing defendants in civil rights actions may recover attorneys' fees only where the underlying action is determined to have been frivolous, unreasonable, or groundless. See Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)(articulating standard with regard to nearly identical statutory fees' provision for Title VII action). The Court should make a

3

"thorough evaluation of the record and appropriate fact finding" to determine whether the action is frivolous. Arnold v. Burger King Corp., 719 F.2d 63, 66-67 (4th Cir. 1983). If the Court determines that an award of fees is proper, it must conduct its own independent review to determine the reasonableness of the fee request by using the twelve-factor reasonableness test. See Brodziak v. Runyon, 145 F.3d 194, 196 (4th Cir. 1998).

"A claim is frivolous if Plaintiff failed to present any credible evidence to support his claim or if he has gone forward on the basis of no colorable legal theory." Prince Uchenna Obifuele v. 1300, LLC, 2006 U.S. Dist. LEXIS 60043, at 7 (D.C. MD August 23, 2006)(citing Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 766 (4th Cir. 2003); Arnold v. Burger King Corp., 719 F.2d 63, 67-67 (4th Cir. 1983); Davis v. Target Stores Division of Dayton Hudson Corp., 87 F.Supp.2d 492, 494 (D. Md. 2000); Gilyard v. South Carolina, 667 F.Supp. 266, 277 (D.S.C. 1985)).

In his affidavit, Chandresh B. Patel, owner of Defendant company, acknowledges that he has "voluntarily contracted with Allstate Construction and Remodeling to install roll-in showers in the ADA-designated rooms' bathrooms and to install lever-operating handles in every bathroom in the Quality Inn and Suites....Allstate Construction and Remodeling is scheduled to being (sic) this work on April 11, 2011." Doc.21-1, ¶ 9. In Plaintiff's Complaint, paragraph 17, subsection "Accessible Guest Rooms" he states in part,

> 4. The fixtures in the disabled use rooms have controls that cannot be operated with a closed fist in violation of Section 4.27 the ADAAG.
>
> 5. The rooms designated for disabled use do not provide a roll-in shower for use by the disabled, violating Section 9 of the ADAAG....

Doc. 1, ¶17. These violations are acknowledged by Defendant in his affidavit and he is contracting to remedy them. Therefore, the Court cannot find that Plaintiff's claims were frivolous and will deny the Motion for attorneys' fees.

**FOR THE FOREGOING REASONS, IT IS ORDERED** that "Plaintiff's Motion for Reconsideration of Order Granting Motion to Dismiss for Lack of Prosecution Dated 6/1/11 [DE 16]" (doc. 18) is **DENIED**. Additionally, **IT IS ORDERED** that Defendant's "Motion for Attorneys Fees Pursuant to 42 U.S.C. § 12205" (doc. 20) is **DENIED**.

**SO ORDERED.**

Signed: July 15, 2011

David S. Cayer
United States Magistrate Judge